HERMAN D. STEEL CO. *v.* UNITED STATES (No. 5064)*

United States Court of Customs and Patent Appeals, February 13, 1962

*Allerton deC. Tompkins* for appellant.

*William H. Orrick, Jr.*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section (*Richard H. Welsh*, trial attorney, of counsel) for the United States.

[Oral argument November 16, 1961, by Mr. Tompkins and Mr. Welsh]

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

WORLEY, Chief Judge, delivered the opinion of the court:

This appeal from the judgment of the Customs Court, C.D. 2212, involves the identical issues, merchandise and parties[2] as those in *Morris Friedman* v. *United States*, 45 CCPA 99, C.A.D. 680. That record is incorporated as a part of this record. The only new evidence is the testimony of two witnesses called by appellant.

The Customs Court, in evaluating the new evidence and disposing of appellant's contentions, stated:

The testimony of these two witnesses adds nothing of substance to the factual background of the case when it was originally before us.

As to the uses of the imported article, sought to be established through the testimony of witness Sciorra, other than in time lock mechanisms, it is worth noting the following from the decision of our appellate court in the *Friedman* case, *supra:*

It seems obvious from the foregoing that, even if it were argued that the instant timers were not dedicated to use in connection with time locks, they are dedicated to use, broadly speaking, as devices intended for performing an operation or function at a predetermined time or times. And this is true whether the function urged is locking a safe or maintaining a burglar alarm in a "set" position. As such, there is no question but that the timers are covered by the provision in paragraph 368(a) for "any mechanism, device, or instrument intended or suitable * * * for recording, indicating, or performing any operation or function at a predetermined time or times."

It is fundamental, of course, as urged by plaintiff, that the dutiable classification of merchandise is governed by its condition as imported. We have not departed from that rule here. The article, according to the record, in its ordi-

---

[1] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Connell*, pursuant to provisions of Section 294(d), Title 28, United States Code.

[2] Although Morris Friedman was the nominal appellant-importer in the *Friedman* case, Herman D. Steel Company was the real importer.

*C.A.D. 790.

nary, customary use is employed to perform a function at a predetermined time. If, as contended by plaintiff, the condition of an article at the exact time of importation must fix its dutiable classification, it would logically follow that plaintiff's claim for classification of the subject merchandise as a timekeeping or timemeasuring device within the meaning of paragraph 367 would be ineffective for the simple reason that exhibit 1 has no practical, normal use until it is integrated with other parts. Even then, it would not be useful either to keep or measure time.

It is clear from the evidence before the court that when the merchandise in controversy entered this country it was intended, designed, and suitable for recording, indicating, or performing an operation or function at a predetermined time and, therefore, responded literally to the terms of paragraph 368(a) of the Tariff Act of 1930, *supra*, where it was classified by the collector.

We have carefully considered the composite record and the briefs of adversary parties herein and find nothing of a factual nature nor of legal concept that causes us to modify the views expressed by us in the *Friedman* case, *supra*, which was affirmed in a thoroughgoing decision on appeal. In the circumstances, we regard the *Friedman* case as *stare decisis* of the issue here.

It would be extremely difficult for this court to improve on the language, logic or holding of the Customs Court.

The judgment is *affirmed*.